UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

GARY HUDSON,

       Plaintiff,

v.

                               Civil Action No. 2:11-00248

PINE RIDGE COAL COMPANY, LLC,

       Defendant.

MEMORANDUM OPINION AND ORDER

Pending are defendant's motion to dismiss, filed May 24, 2011, and plaintiff's motion for judgment on the pleadings, filed July 22, 2011.[1]  On August 12, 2011, the Director, Office of Workers' Compensation Programs, United States Department of Labor, filed an amicus curiae brief in opposition to defendant's motion to dismiss.

I.

This case arises from a claim under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. § 901 et seq., which incorporates many provisions of the Longshore and Harbor

---

[1] It is ORDERED that Pine Ridge's motion for leave to file a sur-reply, filed November 3, 2011, is granted.

Workers' Compensation Act (the "Longshore Act"), 33 U.S.C. § 901 <u>et seq</u>.  Plaintiff Gary Hudson worked as a coal miner for more than 33 years, most recently for defendant Pine Ridge Coal Company, LLC ("Pine Ridge").  On December 28, 2010, an administrative law judge (the "ALJ") found Hudson to be totally disabled by pneumoconiosis as a result of his employment, and ordered National Union Fire Insurance Company ("National Union"), Pine Ridge's insurer, to "pay the miner all the benefits to which he is entitled, augmented by one dependent, beginning as of May 1, 2008 [the date upon which Hudson originally filed his claim]."[2]  (Compl., Ex. A at 10).

The ALJ's order was served on the parties and became effective when it was filed with the district director of the Office of Workers' Compensation Program's ("OWCP") Division of Coal Mine Workers' Compensation on January 7, 2011.  33 U.S.C. § 921(a).  Pine Ridge and National Union neither appealed the ALJ's decision to the Benefits Review Board nor filed a motion

---

[2] The ALJ's award specifically ordered only National Union to pay Hudson's benefits, but Pine Ridge does not dispute its identification as the "responsible operator," pursuant to 20 C.F.R. § 725.495, obligated under the ALJ's order.  (Jt. Stip. ¶¶ 7,8).  On July 1, 2011, Hudson moved to amend the complaint to add National Union as a defendant, but on July 25, 2011, the parties entered a joint stipulation that, inasmuch as Pine Ridge has become self-insured, the motion to amend was unnecessary and therefore withdrawn.  Accordingly, it is ORDERED that Hudson's motion to amend the complaint is denied as moot.

for reconsideration with the ALJ,[3] by reason of which the order became final on February 7, 2011.[4]  On the following day, OWCP sent a "calculation letter" to Pine Ridge and National Union, totaling the amount of back benefits owed to Hudson under the ALJ's order from May 2008 to January 2011 as $30,479.10.  On February 16, 2011, the ALJ ordered National Union to pay $13,877.53 in attorney's fees to Hudson's counsel.

Pine Ridge freely admits that it did not comply, and to this day has not complied, with either of the ALJ's orders. Instead, the Black Lung Disability Trust Fund ("Trust Fund") paid Hudson the back benefits due under the compensation order on Pine Ridge's behalf.  The Trust Fund is administered by the Department of Labor and is the statutory payor of last resort, available to provide benefits when the responsible operator defaults on its obligation.  26 U.S.C. 9501(d).  The Trust Fund

_____

[3] See 33 U.S.C. § 921(b) (governing appeals to the Benefits Review Board); 20 C.F.R § 725.479 (providing that the 30-day period in which to appeal is suspended if a party files a motion for reconsideration with the ALJ within that time).  These options are discussed in greater detail, infra, section II.B.

[4] See 33 U.S.C. § 921(a)(in the absence of appeal or motion to reconsider, compensation order becomes final thirty days after its effective date), discussed infra, part II.B.  Inasmuch as February 6, 2011, fell on a Sunday, the parties had until Monday, February 7, 2011, to file an appeal or request reconsideration.

continues to disburse monthly benefits to Hudson, but the attorney's fees remain unpaid.

As noted, on April 14, 2011, Hudson filed this action pursuant to 33 U.S.C. § 921(d), which provides for district court enforcement of an ALJ's compensation order "that has become final." The complaint seeks not only to enforce the existing compensation and attorney's fees orders (plus interest), but also to enforce Hudson's right to 20% additional compensation on any payments more than ten days "overdue," pursuant to 33 U.S.C. § 914(f).

On April 18, 2011, Pine Ridge filed a timely petition for modification of the ALJ's compensation order, averring that the ALJ's findings were "mistaken in several important respects[.]" (Def.'s Mot. to Dismiss, Ex. 1 at 2). Unlike appeal or reconsideration, which must be filed within the thirty-day period, modification may be sought at any time within one year after the date of the last payment of black lung death or total disability benefits or the denial of a claim for benefits. Any party in interest alleging a change in conditions or a mistake in a determination of fact may request modification

4

of the terms of a benefit award or denial.  33 U.S.C. § 922.[5]
That petition remains pending.

In its motion to dismiss, Pine Ridge asserts that its
petition for modification renders the ALJ's orders non-final,
thereby depriving this court of jurisdiction to enforce them. It
also contends that Hudson is not entitled to the 20% additional
compensation on overdue benefits inasmuch as the Trust Fund has,
since April 20, 2011, made timely interim payments on Pine
Ridge's behalf.  Hudson counters that the unique remedy of
modification has no effect on finality for the purposes of a
section 921(d) enforcement action, that the court should enforce
the ALJ's orders inasmuch as they were made in accordance with
law and properly served, and that he is entitled to the 20%
additional compensation for overdue benefits, notwithstanding
the payments received from the Trust Fund.

---

[5] Modification proceedings (discussed in greater detail,
infra, part II.B), are initiated before an OWCP district
director.  20 C.F.R. § 725.310(b).

II.


A.  Governing Standard


        Federal Rule of Civil Procedure 8(a)(2) requires that
a pleader provide "a short and plain statement of the claim
showing . . . entitle[ment] to relief."  Fed. R. Civ. P.
8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  Rule
12(b)(6) correspondingly permits a defendant to challenge a
complaint when it "fail[s] to state a claim upon which relief
can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).


        The required "short and plain statement" must provide
"'fair notice of what the . . . claim is and the grounds upon
which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,
545 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957),
<u>overruled on other grounds</u>, <u>Twombly</u>, 550 U.S. at 563); <u>see</u> <u>also</u>
<u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007).
In order to survive a motion to dismiss, "a complaint must
contain sufficient factual matter, accepted as true, to 'state a
claim to relief that is plausible on its face.'"  <u>Ashcroft v.</u>
<u>Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S.
at 570); <u>see</u> <u>also</u> <u>Monroe v. City of Charlottesville</u>, 579 F.3d
380, 386 (4th Cir. 2009).


6

Application of the Rule 12(b)(6) standard requires
that the court "'accept as true all of the factual allegations
contained in the complaint . . . .'" Erickson, 127 S. Ct. at
2200 (quoting Twombly, 127 S. Ct. at 1965); see also South
Carolina Dept. Of Health And Environmental Control v. Commerce
and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004)
(quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).
The court must also "draw[] all reasonable . . . inferences from
th[e] facts in the plaintiff's favor . . . ." Edwards v. City
of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Federal Rule of Civil Procedure provides that "[a]fter
the pleadings are closed -- but early enough not to delay trial
-- a party may move for judgment on the pleadings." Fed. R.
Civ. P. 12(c). A Rule 12(c) motion "is assessed under the same
standard that applies to a Rule 12(b)(6) motion." Walker v.
Kelley, 589 F.3d 127, 139 (4th Cir. 2009); Independence News,
Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009)
(citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th
Cir. 1999)).

B. Jurisdiction

The central issue in this case is well-defined:
whether Pine Ridge's subsequent petition for modification

7

stripped the ALJ's prior decision of finality, thus depriving this court of jurisdiction to enforce an award of benefits under 33 U.S.C. § 921(d).  "The existence of subject matter jurisdiction is a threshold issue" that should be addressed before the court reaches the merits of a case.  <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999).

A district court is invested with the authority to enforce final compensation awards in BLBA cases pursuant to section 21(d) of the Longshore Act, 33 U.S.C. § 921(d), as incorporated into the BLBA, 30 U.S.C. § 932(a), which provides that

> If any employer or his officers or agents fails to comply with a compensation order making an award, <u>that has become final</u>, any beneficiary of such award . . . may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred . . . . If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

33 U.S.C. § 921(d) (emphasis added).  In such an action, "the district court has no jurisdiction over the merits of the litigation," and "cannot affirm, modify, suspend, or set aside the [ALJ's] order."  <u>Thompson v. Potashnick Constr. Co.</u>, 812 F.2d 574, 576 (9th Cir. 1987).  The district court's role is

thus limited to "enforc[ing] an order made and served in
accordance with law if the employer has failed to comply."  Id.
Pine Ridge does not dispute that it has failed to comply with
the ALJ's order, and concedes that the order was made and served
in accordance with the law.  Its only defense is that the ALJ's
order was rendered non-final by the April 18, 2011, modification
petition, which remains pending.

     Pine Ridge's right to seek modification is not in
question.  See 33 U.S.C. § 922; 20 C.F.R. § 725.310.
Modification is an "extraordinarily broad" procedure.  Betty B
Coal Co. v. Director, OWCP, 194 F.3d 491, 497 (4th Cir. 1999).
While, on its face, section 922 simply permits review of an
award "because of a mistake in a determination of fact," 33
U.S.C. § 922, the Supreme Court has construed the statute to
"vest a [district director] with broad discretion to correct
mistakes of fact, whether demonstrated by wholly new evidence,
cumulative evidence, or merely further reflection on the
evidence initially submitted."  O'Keefe v. Aerojet-General
Shipyards, 404 U.S. 254, 256 (1971).  Further, Pine Ridge
correctly asserts that the BLBA's modification procedures in
some ways defy traditional notions of finality.  In Jessee v.
Director, OWCP, the Fourth Circuit confirmed that "the
'principle of finality' just does not apply to Longshore Act and

9

black lung claims as it does in ordinary lawsuits." 5 F.3d 723, 725 (4th Cir. 1993)(citation omitted).

However, <u>Jessee</u>, upon which Pine Ridge principally relies, does not address the jurisdictional question before the court.  It simply affirms what is obvious from the plain language of the statute:  that, by a petition for modification, a claimant or employer may successfully seek modification of an award on such grounds as the discovery of new evidence or the review of earlier submitted evidence that would otherwise be barred by the doctrine of <u>res judicata</u>.  <u>Id.</u>

At issue in this case is the more specific inquiry of whether the modification remedy affects the finality of an award for purposes of its enforcement under 33 U.S.C. § 921(d).  Pine Ridge suggests that the term "final," as used in the Longshore Act, is not defined and should therefore be given its ordinary meaning.  Yet the conditions under which a compensation order becomes "final" for purposes of 33 U.S.C. § 921(d) are plainly set forth in 33 U.S.C. § 921(a), "Effectiveness and finality of orders":

> A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, <u>unless proceedings for the suspension or setting aside of such order are instituted as provided in subsection (b) of this section, shall become final</u> at the expiration of the thirtieth day thereafter.

33 U.S.C. § 921(a) (emphasis added). Title 20 C.F.R. § 725.479, issued in the name of § 921(a), provides that the 30-day period in which to appeal is suspended if a party files a motion for reconsideration with the ALJ within that time. The "proceedings . . . provided in subsection (b)" are appeals to the Benefits Review Board, 33 U.S.C. § 921(b). This clear statutory definition is dispositive.[6]

Moreover, Pine Ridge fails to cite a single point of authority supporting its contention that a petition for modification filed after the 30-day appeal period has expired renders a compensation order non-final and unenforceable. As

---

[6] The court's conclusion on this issue rests entirely upon its application of the statutes, regulations, and relevant authority. That is sufficient. The court need not reach, but notes with approval the following supplemental argument put forth by the Department of Labor:

Indeed, Pine Ridge's [interpretation of 33 U.S.C. § 921(d)] leads to an absurdity. It is well established that a party whose modification request is rejected may make repeated requests for modification. See Lisa Lee Mines v. Director, OWCP, 86 F.3d 1358, 1364 (4th Cir. 1996). If Hudson's award is not final because of this modification petition, it will be non-final when Pine Ridge files its second, third, and fourth modification petitions as well, forever evading its responsibility to pay benefits. Congress surely did not intend such a result.

(Amicus' Reply at 2).

the DOL points out, every circuit court of appeals to consider
that notion has rejected it.[7]  In <u>Vincent v. Consolidated
Operating Co.</u>, the defendant employer argued that the district
court lacked jurisdiction to entertain a section 921(d) action
such as this during the pendency of modification proceedings.
17 F.3d 782 (5th Cir. 1994).  Concluding that "nothing in [the
BLBA/Longshore Act] suggests that the district court is
powerless to carry out the statute's command while the
defendants attempt another attack on the order" via a request
for modification, the Fifth Circuit affirmed the district
court's judgment enforcing the compensation award.  <u>Id.</u> at 786.

Facing the same question, the First Circuit similarly
concluded that "the [Longshore Act] divests the district court

_____

[7] Pine Ridge contends that some of these cases are
inapplicable, inasmuch as they consider the meaning of finality
under the Longshore Act, as opposed to the BLBA.  (Def.'s Sur-
Reply at 2-3) ("The importance of finality is different under
the [Longshore Act] than the BLBA because a trust does not exist
to make interim payments to Longshore Act beneficiaries pending
modification procedures.").  The court is unaware of any case
that has relied on this distinction, or held that a provision of
the Longshore Act may mean one thing in Title 33 and something
entirely opposite when incorporated by reference into the BLBA.
Congress was no doubt aware of the existence of the BLBA Trust
Fund when it nonetheless chose to adopt the Longshore Act's
finality and enforcement provisions.  Thus, to the extent that
Pine Ridge feels that the BLBA was poorly drafted, those
concerns are better addressed to Congress.  The court is
obligated to enforce the law as written.

of the equitable power to defer its entry of a section 921(d) enforcement order pending the outcome of a section 922 modification proceeding unless the employer first establishes 'irreparable injury.'" Williams v. Jones, 11 F.3d 247, 259 (1st Cir. 1993). The First Circuit's "irreparable injury" exception is derived from 33 U.S.C. § 921(b)(3), which limits the availability of stays of effective compensation orders pending administrative and judicial review. It is by no means clear that this exception applies when an employer has allowed an order to become final by lapse of the thirty day appeal period, but in any case, Pine Ridge cannot plausibly claim to meet the demanding standard of "irreparable injury." [8]

---

[8] As the Fifth Circuit has explained:

The standard raised in Continental Casualty Co. v. Lawson, 2 F.Supp. 459, 461 (S.D.Fla.1932), rev'd on other grounds, 64 F.2d 802 (5th Cir.1933), has stood the test of time and the resistance of employers and insurers. Irreparable injury is demonstrated only when the compensation award may be too heavy for the employer [or insurer] to pay without practically taking all his property or rendering him incapable of carrying on his business, or ... by reason of age, sickness, or other circumstances [of the payer], a condition is created which would amount to irreparable injury.

Rivere v. Offshore Painting Contractors, 872 F.2d 1187, 1191 (5th Cir. 1989).

Other circuits have also weighed in, agreeing that the
"pendency of a motion to modify under [section] 922 does not
destroy the finality of the Board's order." <u>Hansen v. Director,
OWCP</u>, 984 F.2d 364, 367 (10th Cir. 1993). <u>See also</u> <u>Nat'l Mines
Corp. v. Carrol</u>, 64 F.3d 135, 141 (3d Cir. 1995) ("[A]s a
general rule, the mere existence of modification proceedings
does not affect the finality of an existing award of
compensation." (internal quotations omitted)); <u>Crowe ex rel.
Crowe v. Zeigler Coal Co.</u>, 646 F.3d 435, 445 (7th Cir. 2011)
(Hamilton, J., concurring) (citing the holdings of <u>Hansen</u> and
<u>Crowe</u> as possible alternative bases for court's decision in BLBA
case).

Accordingly, the court concludes that Pine Ridge's
pending petition for modification does not disturb the finality
of the ALJ's order.  Under the circumstances, only a timely
petition for appeal and stay to the Benefits Review Board, or
the timely filing of a motion to reconsider before the ALJ,
could have prevented the ALJ's order from becoming final for the
purposes of section 921(d), even though it remained subject to
modification under section 922.  Pine Ridge failed to pursue
either reconsideration or appeal.  As a result, the court is
vested with jurisdiction to consider Hudson's suit for
enforcement of the ALJ's compensation orders, which it now does.

C.  Section 921(d): Enforcement of ALJ's Final Orders

When a court is properly vested with jurisdiction to enforce an ALJ's compensation order, the only appropriate inquiries are 1) whether the order was made and served in accordance with the law, and 2) whether the employer has failed to comply.  33 U.S.C. § 921(d); Thompson, 812 F.2d at 576 (role of the district court in section 921 enforcement action is "limited to screening for procedural defects"); see also Nowlin v. Eastern Associated Coal Corp., 266 F.Supp.2d 502, 505 (N.D. W. Va. 2003).  Pine Ridge admits that it has not complied with the ALJ's orders, and it does not contend that issuance or service of the order was in any way deficient.  Accordingly, Hudson is entitled to an order mandating Pine Ridge's compliance with the ALJ's December 28, 2010, compensation order, and February 16, 2011, attorney's fee order.  33 U.S.C. § 921(d).[9] Hudson is further entitled to interest on these unpaid awards, pursuant to 20 C.F.R. § 725.608.

---

[9] The court recognizes that, even upon enforcement of the ALJ's compensation order, Hudson is not entitled to collect benefits from Pine Ridge that have already been paid by the Trust Fund on Pine Ridge's behalf.  However, Pine Ridge is obligated to reimburse the Trust Fund for those payments.  If Pine Ridge refuses to do so, the DOL must seek enforcement of its right to reimbursement in a separate action.  See 30 U.S.C. § 934.

D.  Section 14(f) Compensation

        Hudson also asserts a claim for 20% "additional
compensation," plus interest, on all overdue payments under the
terms of the ALJ's compensation awards, pursuant to 33 U.S.C.
§ 914(f).  Section 14(f) is designed to "ensure that individual
coal operators rather than the [Trust Fund] bear the liability
for claims arising out of such operators' mines to the maximum
extent feasible."  Old Ben Coal Co. v. Luker, 826 F.2d 688 (7th
Cir. 1987) (quoting S. Rep. 95-209, 95th Cong., 1st Sess., 9
(1977)).  To that end, section 14(f) provides that

        If any compensation, payable under the terms of an
        award, is not paid within ten days after it becomes
        due, there shall be added to such unpaid compensation
        an amount equal to 20 per centum thereof, which shall
        be paid at the same time as, but in addition to, such
        compensation, unless review of the compensation order
        making such award is had as provided in section 921 of
        this title and an order staying payment has been
        issued by the Board or court.

33 U.S.C. § 914(f).  A right to section 14(f) compensation
arises automatically when the above conditions are met -- that
is, no additional award or order is required.  A beneficiary
entitled to such compensation may seek district court
enforcement under 33 U.S.C. § 921(d).

        Hudson has unambiguously established each requirement
of section 14(f).  The ALJ's compensation order of December 28,
2010 became "effective" on January 7, 2011, when it was filed in

16

the office of the district director.  See 20 C.F.R.
§ 725.502(a)(2).  Inasmuch as monthly benefits are due on the
fifteenth day of the next month, 20 C.F.R. § 725.502(b)(1),
Hudson's January benefits became due on February 15, 2011.  In
addition, benefits for periods prior to the effective date of
the order -- i.e., back benefits -- are due 30 days after the
district director issues a computation of those benefits.  20
C.F.R. § 725.502(b)(2).  Inasmuch as OWCP issued its calculation
letter on February 8, 2011, Hudson's back benefits of $30,479.10
became due on March 10, 2011.  Because the benefits were not
paid by Pine Ridge by their respective due dates, the 20%
additional compensation began to accrue ten days thereafter.  As
previously addressed, supra part II.B, Pine Ridge did not seek
review of the compensation orders within 30 days under section
921(a) or reconsideration under 20 C.F.R. § 725.749, and no stay
has been issued by the board or any court.

     Notwithstanding the above, Pine Ridge contends that
Hudson is not entitled to section 14(f) compensation inasmuch as
he has already received interim payments from the Trust Fund.
This contention is without merit.  The DOL regulation addressing
the issue is quite clear:

     If, on account of an operator's or other employer's
     failure to pay benefits as provided in paragraph (a)
     of this section, benefit payments are made by the
     [Trust Fund], the eligible claimant shall nevertheless

17

> be entitled to receive such additional compensation to
> which he or she may be eligible under [section 14(f)],
> with respect to all amounts paid by the fund on behalf
> of such operator or other employer.

20 C.F.R. § 725.607(b).  "This unambiguous language disposes of any assertion that the twenty percent penalty was not intended to apply whenever the Trust Fund makes payments on an operator's behalf."  Nowlin v. Eastern Associated Coal Corp., 331 F.Supp.2d 465, 474 (N.D. W. Va. 2004).

Pine Ridge has not challenged the validity of this dispositive regulation.  Nor could it: the law imposes a "heavy burden" on employers challenging the validity of a regulation promulgated under a statute, such as the BLBA, that provides a broad grant of rulemaking authority.  Harman Min. Co. v. Director, OWCP, 826 F.2d 1388, 1390 (4th Cir. 1987)).  "Such regulations are presumptively valid and will be sustained 'so long as' [they are] 'reasonably related to the purposes of the enabling legislation.'"  Id. (quoting Mourning v. Family Publications Services, Inc., 411 U.S. 356, 369 (1973)).

Accordingly, Hudson is entitled to an order enforcing his right to an additional 20% of all overdue payments, plus interest,[10] pursuant to section 14(f).

E.  Attorney's Fees in This Action

Finally, Hudson seeks to recover additional attorney's fees, being counsel's fees incurred in bringing this enforcement action.  The court construes this as a request for attorney's fees in connection with three related but distinct objects of this litigation:  1) enforcement of the AJL's original compensation order, 2) enforcement of Hudson's right to section 14(f) compensation, and 3) enforcement of the ALJ's attorney's fee order.  Pine Ridge has raised no objection to the award of attorney's fees incurred in this case in the event that Hudson should succeed in this enforcement action.

A person seeking benefits under the BLBA who, with the help of an attorney, successfully prosecutes a claim to collect unpaid compensation, shall be awarded reasonable attorney's fees.  33. U.S.C. § 928(a).  With specific respect to this

_____

[10] "In any case in which an operator is liable for the payment of additional compensation (§ 725.607), the beneficiary shall also be entitled to simple annual interest computed from the date upon which the beneficiary's right to additional compensation first arose." 20 C.F.R. § 725.608(a)(3)

19

enforcement action, the BLBA provides that when "any proceedings are had before . . . any court for review of any action, award, order, or decision, the . . . court may approve an attorney's fee for the work done before it by the attorney for the claimant."  33 U.S.C. § 928(c).  Further, the Fourth Circuit has clarified that section 14(f) compensation must be considered "compensation" within the meaning of section 928(a), Newport News Shipbuilding & Dry Dock Co. v. Brown, 376 F.3d  245, 250 (4th Cir. 2004), and that "[section 928] should also compensate for time spent pursuing attorney's fees . . . so that fees awarded under the statute are not diminished by the cost of bringing a legitimate petition for attorney's fees."  Kerns v. Consol. Coal Co., 247 F.3d 133, 134 (4th Cir. 2001).

Inasmuch as Hudson has succeeded in each aspect of this action, his attorney is entitled to a reasonable fee for his efforts.

III.

For the foregoing reasons, the court ORDERS as
follows:

1. Pine Ridge's motion to dismiss be, and it hereby is,
   denied.

2. Hudson's motion for judgment on the pleadings be, and it
   hereby is, granted, as follows:

   a. Pine Ridge is ORDERED to comply with the ALJ's
      December 28, 2010, compensation order, including
      payment of statutory interest owed;

   b. Pine Ridge is ORDERED to comply with the ALJ's
      February 16, 2011, attorney's fee award, including
      payment of statutory interest owed;

   c. Pine Ridge is ORDERED to additionally compensate
      Hudson for all compensation overdue by ten days,
      pursuant to 33 U.S.C. § 914(f); and further

3. The parties are ORDERED to submit a proposed judgment
   order, in accordance with the above, within twenty days
   of this date.

4. Within twenty days of this date, Hudson shall file a
   petition for award of attorney's fees in this case, with
   Pine Ridge's response, if any, due fourteen days after

the filing of Hudson's petition, and plaintiff's reply seven days thereafter.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: February 6, 2012

John T. Copenhaver, Jr.
United States District Judge